**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BOSTON, MA                                                                                   CIVIL ACTION NO.

| | |
|---|---|
| Veronica Dyer, as she is Administrator, Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, Education Funds, and other Funds, ("Dyer") and The International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO, Local 7 ("Local 7"), Plaintiffs, v. Vision Structures, LLC. Defendant ("Vision"). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) COMPLAINT ) ) ) |

### INTRODUCTION

1. Defendant Vision signed a collective bargaining agreement ("CBA") with Local 7 but refuses to abide by the CBA, including its provisions regarding wages and benefits. Plaintiff, Ms. Dyer -as Administrator, brings this action pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 USC §§1132(a)(3) and (d)(1) and 1145, and §301 of the Labor Management Relations Act, as amended, 29 USC §185 ("LMRA"), to collect delinquent contributions and interest owed by way of the CBA to employee benefit plans and funds recited in the above caption ("Benefits Funds"). Local 7 sues for Vision's violations of the CBA.

### JURISDICTION & VENUE

2. This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 USC §1132(a), (e) and (f), and §301 of the LMRA, 29 USC §185, without respect to the amount in controversy or the citizenship of the parties.

3. Plaintiff Ms. Dyer administers the Benefit Funds from the Funds' business office located at 161 Granite Avenue, Dorchester, MA 02124.

4. Plaintiff Local 7 operates from its business office located at 195 Old Colony Avenue in South Boston, MA 02127.

5. Defendant Vision operates from its business office at 28 Vane Street, Unit 2, Quincy, MA and performs business regularly throughout the Commonwealth of Massachusetts, including the Boston area.

6. The CBA has a forum selection clause, at page 2 -¶11, that recites Massachusetts as the appropriate venue.

## FACTS

7. The Benefit Funds are jointly-trusteed, multi-employer plans within the meaning of §3(3) of ERISA, 29 USC §1002(3).

8. Local 7 is a labor organization as recited in §301 of the LMRA, 29 USC, §185 and the National Labor Relations Act ("NLRA"), including at 29 USC §152(5).

9. Defendant Vision is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 USC §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 USC §185, and the NLRA, at §152(2).

10. A true and genuine copy of the CBA is attached hereto at Exhibit A. <u>Exhibit A</u> (CBA).

11. Vision signed the CBA, and it includes obligations to pay certain wages and benefits, including contributions to the Benefit Funds for each hour each Vision employee performed labor covered by the CBA.

12. The CBA and Benefit Funds' instruments and other binding documents require that Vision submit signed weekly payroll reports (aka, "Remittance Reports") detailing,

among other things, the hours worked by Vision's CBA covered employees and the amounts owed to the Benefit Funds for each employee.

13. Vision has continuingly refused and failed to submit such Remittance Reports and has not paid the amounts owed.

14. Vision's employees performed, upon information and belief, CBA covered work after June 10, 2017.

15. Vision owes the Plaintiffs at least $69,612.66, plus interest, penalties, and other damages for CBA covered work. Specifically, after June 10, 2017, CBA covered employees performed, upon information and belief, structural steel erection on at least each of the following projects for at least the number of hours recited below:

| Project | Hours | Amount Due |
|---|---|---|
| a. CVS, 330 Court St., Plymouth, MA | 844 | $49,848.66 |
| b. Nantucket, MA | 120 | $ 6,588.00 |
| c. Weathervane Golf Club, Weymouth, MA | 240 | $13,176.00 |
| d. 1200 Centre St., Roslindale, MA | TBD | To Be Determined. |

16. Dyer will serve a copy of this Complaint upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 USC §1132(h).

## COUNT I
(ERISA, Delinquent Contributions, Interest, & Injunctive Relief)

17. Plaintiffs restate all of the facts and allegations set forth in each of the Paragraphs above and by this reference incorporate them herein.

18. The failure of Vision to make payment of all contributions owed, along with interest owed thereon, violates §515 of ERISA, 29 USC §1145 and the CBA.

19. Absent an order from this Court, Vision will continue to engage in work covered by the CBA and will continue to refuse to pay contributions and interest owed to the Benefit Funds causing irreparable harm, as follows:

    a. The employer lacks sufficient capital to meet its bills, and litigation may result in unrecoverable costs, interest, fees and contributions to the Benefit Funds;

    b. Other employers that are also obligated to the Benefit Funds may incur increased withdrawal liability;

    c. The actuarial projections will not be met harming the soundness of the plans;

    d. As required by ERISA, Dyer may be forced to notify participants that plans are operating at risk to non-funding; If so, this will frustrate participants with the plans resulting in them leaving to work for employers that are not obligated to the Benefit Funds, further reducing the potential to meet actuarial projections; and

    e. Such harms are irreparable, and there is no adequate remedy.

20. This an action under ERISA to recover losses and remedy harms to Benefits Funds.

**COUNT II**
(Breach of Labor Contract, 29 USC, §185)

21. Plaintiffs restate all of the facts and allegations set forth in each of the Paragraphs above and by this reference incorporate them herein.

22. Vision failed to pay proper and timely wages and benefits obligated by the CBA for projects performed after June 10, 2017.

23. Specifically, on each of the projects recited in this Compliant, Vision paid its employees $20 per hour, or less, for work articulated in the CBA as covered work, but Vision should have paid the CBA rate of $74.90 or $76.15 (depending on the dates).

24. The failure of Vision timely to pay proper wages and contributions and interest owed violates the terms of the CBA, and said violations have caused grave damages and loss to the Benefit Funds and Local 7.

25. This is an action by Local 7 for Vision's breaches of the CBA to recover losses and remedy harms.

26. This is an action by the Benefit Funds, by way of Ms. Dyer, as 3rd-Party beneficiaries of the CBA to recover losses and remedy harms.

### Demand for Relief

**WHEREFORE,** Plaintiffs respectfully demand that this Court:

1. Enter judgment for Plaintiffs for at least $69,612.66, and add interest, liquidated damages, attorney fees and costs, as provided for in the CBA and by ERISA;
2. Enter a preliminary and permanent injunction enjoining Vision from operating while refusing or failing abide by the CBA;
3. Order the attachment of assets, including bank accounts, and accounts receivable belonging to Vision; and
4. Provide such other and further relief as the Court may deem proper and just.

Respectfully submitted,
Plaintiffs,
by their attorney,

/s/ Mickey Long
Mickey Long, BBO# 634388
PO Box E-1
193 Old Colony Avenue
Boston, MA 02127
Tel. 617-269-0229
eFax. 617-765-4300
MickeyLong@outlook.com

November 2, 2017